## In re Moneys in Possession of United Gas Improvement Company

*J. L. Stevenson*, for petitioner.

*B. M. Quigg, Jr.*, and *T. B. K. Ringe*, for respondent.

FLOOD, J., November 25, 1953. — This is a hearing upon petition and answer in proceedings brought by the Commonwealth under the Act of June 25, 1937, P. L. 2063, 27 PS §434, to procure payment into the State Treasury, without escheat, of certain moneys and properties held and possessed by the United Gas Improvement Company, hereinafter referred to as the UGI, which have remained unclaimed for six or more successive years. The items in question are listed in exhibits attached to the petition. It appears that they include the following groups: (1) cash held for issuance in exchange for unsurrendered shares of UGI stock; (2) interests in stock of the Philadelphia Electric Company, the Public Service Corporation of New Jersey and the Delaware Power and Light Company,

representing unsurrendered shares of UGI stock; (3) cash proceeds of the sale of Philadelphia Electric Company stock and Public Service Corporation of New Jersey stock held for issuance in exchange for unsurrendered UGI scrip. These items of property represent liquidating dividends which were to be distributed to shareholders as part of a plan of divestment adopted in view of the Public Utility Holding Company Act of August 26, 1935, 49 Stat. at L. 838, §79 et seq.

We are of the opinion that these items do not fit the terms of the act, either as dividends, stock or certificates of beneficial interest or debts.

(a) It does not appear that any of these items of property fit into the language of section 3(a)(1) of the act which declares that unclaimed "dividends or profits" are escheatable. The word "dividends" is clearly used in that section in its ordinary sense to mean dividends out of profits or surplus distributed by a corporation among its shareholders. This appears by its use in connection with the words "profits". The term does not commonly have reference to the distribution of corporate assets on the dissolution of a corporation (7 Thompson on Corporations, §5260, and cases cited therein), and in view of the context here, we cannot give it that unusual meaning.

(b) The Commonwealth argues that the items of property are subject to payment into the State Treasury without escheat under section 3(a)(4)(a) of this act, which covers ". . . all stock or certificates of beneficial interest, of whatsoever nature, issued by or authorized to be issued by such company, which have been demandable and have been and remain unclaimed . . .". It appears from the petition in this case that UGI stock and scrip are outstanding and the holders thereof are entitled to portions of the corporate assets in the form of cash and stock of three other corporations all of which are demandable and unclaimed. We

are asked to hold, in effect, that the property in question which the UGI shares and scrip certificates represent, is covered by this section. The theory, we take it, is that "stock" is primarily the money or paid-in assets and not the shares or scrip which are the indicia of ownership. In no ordinary sense do the shares and scrip we are considering "remain unclaimed", as required by the act. They have been "issued or authorized to be issued", but more than that they have not only been claimed but have presumably come into the hands of the owners. What has happened is not that they are unclaimed, but rather that the assets distributable in liquidation in exchange for the shares and scrip remain unclaimed. This does not seem to us to fit the language of the act. The act obviously was intended only to cover the situation in which a subscriber of stock in a corporation failed to claim and receive his certificate of stock or beneficial interest for the required statutory period of six or more successive years. This conclusion is supported by the context. The word "stock" is followed by "or certificates of beneficial interests". In such a context it must mean stock certificates rather than the assets which the certificates represent. In this case, since all of the UGI stock and scrip certificates concerned are outstanding and not in the possession of the UGI they are not "demandable and unclaimed" as required by this subsection in order to be covered by it.

(c) Nor are these items of property held by the UGI included under section 3(a)(1) providing for the escheat of "all debts and interest on debts due by it to any creditor. . . ." Section 2 of this act defines "debt" as including "only such debts as are formally created and of the type, ownership to which is evidenced by written or printed securities having definite maturities, interest rates, places and times of payment, such

as mortgages, bonds, notes, equipment-trust certificates and debentures."

This language seems to cover only obligations of a formal nature which a corporation has toward third-party creditors. Stock and scrip represent an interest in the ownership of a corporation rather than a liability or obligation of a corporation to pay a specified sum. Cash held in exchange for unsurrendered UGI stock cannot be considered "securities having definite maturities". For the same reason this section does not cover the interests in the stock of the Philadelphia Electric Company, the Public Service Corporation of New Jersey and the Delaware Power and Light Company representing unsurrendered shares of UGI stock. While the unsurrendered scrip is evidenced by a formal writing, the scrip holders have a proportionate interest in the assets of this corporation and are not creditors owed "debts" as that term is used in the statute.

### Decrees Nisi

And now, to wit, November 25, 1953, it is ordered, adjudged and decreed (in December term, 1951, no. 5897) that respondent United Gas Improvement Company pay into the State Treasury without escheat the sum of $155.14, representing the total amount of unclaimed dividends held by respondent for six or more successive years as set forth in exhibit A of the petition.

As to the other moneys and properties set forth therein, the petition is dismissed.

And now, to wit, November 25, 1953, it is ordered, adjudged and decreed (in December term, 1950, no. 986) that respondent United Gas Improvement Company pay into the State Treasury without escheat the sum of $264.79, representing the total amount of unclaimed dividends held by respondent for six or more successive years as set forth in exhibit A of the petition.

As to the other moneys and properties set forth therein, the petition is dismissed.